# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JONAH SOVEREIGN,** ) | Civil Action No. 7:19-cv-00852 |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **JACKSON L. KISER,** ) | By: Norman K. Moon |
| Respondent. ) | Senior United States District Judge |

Jonah Sovereign, a Virginia inmate proceeding *pro se*, commenced this civil action by filing a document titled as a "Motion for Relief from the Judgment." (Dkt. No. 1.) In it, Sovereign asks this court to exercise its "Supervisory Control Powers pursuant to 28 U.S.C. § 1251 and 28 U.S.C. § 1331" and to issue a writ of mandamus pursuant to 28 U.S.C. § 1651(a). For the reasons discussed below, I conclude that the petition is frivolous and must be dismissed.

The only respondent named by Sovereign is a judge of this court, Jackson L. Kiser. In his petition, Sovereign argues that a prior cases of his, *Sovereign v. Fleming, et al.*, Case No. 7:15-cv-568 (W.D. Va.), was inappropriately dismissed and that the court did not have jurisdiction to dismiss it. He thus asserts that the court likewise lacked jurisdiction to collect the filing fee. From this, he contends that the portion of the fee that he has already paid—calculated by him to be $248.74—is the result of fraud and unjust enrichment and should be returned to him. He also asks that the court "issue an [i]njunction halting any further disbursements of payments" from his trust account. (Dkt. No. 1 at 2.)

Even if mandamus could be used to provide the relief Sovereign requests,[1] his request is based on incorrect information. Specifically, he erroneously asserts that the case was dismissed

---

[1] "A writ of mandamus will not issue to compel an act involving the exercise of judgment and discretion." *Cent. S.C. Chapter, Soc. of Prof'l Journalists*, 551 F.2d 559, 562 (4th Cir. 1977). Instead, mandamus will issue "only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." *Id.*

by a magistrate judge. He states that he requested a trial by jury and never consented to magistrate judge jurisdiction. His prior case, however, was in fact dismissed by a Senior United States District Judge, who clearly had authority to dismiss it. (Case No. 7:15-cv-568, Dkt. Nos. 33, 34.) He offers no other challenges to the jurisdiction of the court with regard to his prior case and no other challenges to the imposition or collection of the filing fee.

To the extent his motion can be construed as a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure in his prior case, he has not stated any ground entitling him to relief. Moreover, he already filed one such motion in that case, which Judge Kiser considered and denied. (Case No. 7:15-cv-568, Dkt. Nos. 62, 63.)

For the reasons stated, Sovereign is not entitled to a writ of mandamus. His petition will be dismissed as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 31st day of December, 2019.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE